HAND DELIVERED
The Honorable Billy Joe Purdom State Representative State Capitol Little Rock, AR 72201
Dear Representative Purdom:
You have requested an official opinion regarding the following questions:
 1. To what degree of participation or voting privileges on budgetary or personnel matters can a Quorum Court member exercise whose spouse is employed by the county in the capacity of County Road Foreman?
 2. To what degree of participation or voting privileges on budgetary or personnel matters can a Quorum Court member exercise whose sister is employed by the county in the capacity of Deputy Clerk?
The Arkansas statute relevant to your inquiry is Arkansas Code of 1987 Annotated 14-14-1202 (Supp. 1987) which provides in pertinent part as follows:
 14-14-1202. Ethics for county government officers and employees.
 (a) PUBLIC TRUST. The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
 (c) RULES OF CONDUCT. No officer or employee of county government shall:
 (1) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county.
Although A.C.A. 14-14-1202 does not offer a definition of the phrase "immediate member of their family," a statute governing ethics in public contracting at the State level defines "Immediate Family" as "a spouse, children, parents, brothers and sisters and grandparents." A.C.A. 19-11-701(11). This definition may reasonably be considered in determining the scope of 14-14-1202. Thus, it seems clear that the Quorum Court member under both Questions 1 and 2 may not use his or her ". . . office, the influence created by their official position, or information gained by virtue of their position" to advance the personal economic interest of these family members.
The statutes do not address the specific question of the Quorum Court member's participation in budgetary or personnel matters in this instance, nor do we find any case law authority directly on point. Whether or not the member has used his or her office, influence or information gained through the official position to advance the interest of a spouse or sister is essentially a question of fact within the province of a court to decide. However, it is my opinion that the member should refrain from voting or taking other action on any matter, budgetary, personnel, or otherwise, that directly affects the spouse or sister. This would include, for example, voting to fund the budget category affecting these persons. Questions involving the member's participation or voting with respect to personnel matters must be addressed on a case by case basis.
The foregoing opinion, which I hereby approve, was prepared by Solicitor General R.B. Friedlander.